UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLENN LEROY SAUNDERS,

                                      Plaintiff,

    vs.                                                        9:06-CV-857
                                                                              (DNH/GJD)
CHRIS AARUCHIO, Mental Heath
Nurse,

                                      Defendant.
_____

GLENN LEROY SAUNDERS
Plaintiff pro se

JOSEPH W. SAVAGE, ESQ.
Attorney for Defendant

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

    In this civil rights action, plaintiff claims that defendant Aaruchio denied him proper medical care in violation of the federal constitution. (Dkt. No. 6). Plaintiff seeks substantial monetary relief. Presently before the court is defendant's motion to dismiss this action pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 13). Plaintiff has not responded to the motion, despite being given an extension of time to do so.[1] For

---

[1] The court notes that as long as the pleadings are sufficient to withstand dismissal pursuant to FED. R. CIV. P. 12(b)(6), the failure to respond to the motion will not result in a default or any adverse admissions by plaintiff. *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir.

the following reasons, this court will recommend denying the defendant's motion.

## DISCUSSION

1. **Motion to Dismiss**

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id.* (citing *Cooper v. Pate,* 378 U.S. 546 (1964)(per curiam)). In determining whether a complaint states a cause of action, **great liberality** is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted).

2. **Facts**

The amended complaint in this action is very short. (Dkt. No. 6). Plaintiff alleges that he was incarcerated at the Cayuga County Jail, and that defendant Aaruchio was a mental health nurse at the facility. Plaintiff claims that from May 2, 2006 until May 23, 2006, defendant Aaruchio denied plaintiff access to his prescribed "mental health medication," without a physician's approval. Amended Complaint ¶ 6. Plaintiff states that he suffers from Post Traumatic Stress Disorder, and that the cessation of the medications for this disorder would exacerbate the symptoms.

---

1983). The court merely notes that plaintiff was given until April 30, 2007 to respond to defendants' motion but has not done so.

**3.     Medical Care**

In order to state a claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). There are two elements to the deliberate indifference standard. *Smith*, 316 F.3d at 183-84. The first element is ***objective*** and measures the severity of the deprivation, while the second element is ***subjective*** and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

In order to meet the first element of the standard, plaintiff must show that he has a sufficiently serious illness or injury. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A medical condition has been considered "sufficiently serious" when there is a "condition of urgency," one that may result in death, degeneration, or extreme pain. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The seriousness of a plaintiff's medical need may also be determined by reference to the effect of denying the particular treatment. *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 310 (S.D.N.Y. 2001)(citation omitted). Thus, if unnecessary and wanton infliction of pain results from the denial of treatment, or if the denial of treatment causes the inmate to suffer a lifelong handicap or permanent loss, the condition may be considered "sufficiently serious." *Id.* (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)).

3

In order to meet the second element of the standard, plaintiff must demonstrate more than an "inadvertent" or negligent failure to provide adequate medical care. *Id.* (citing *Estelle*, 429 U.S. at 105-106). Instead, plaintiff must show that the defendant was "deliberately indifferent" to that serious medical condition. *Id.* In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Chance*, 143 F.3d at 702). In order to be "deliberately indifferent" the defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must draw that inference. *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Disagreement with prescribed treatment does *not* rise to the level of a constitutional claim. *Sonds*, 151 F. Supp. 2d at 311. Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id*. (citations omitted). An inmate does *not* have the right to treatment of his choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). The fact that plaintiff might have preferred an alternative treatment or believes that he did not get the medical attention he desired does not rise to the level of a constitutional violation. *Id.* Thus disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment. *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle*, 429 U.S. at 107). Even if those medical judgments amount to negligence or malpractice, malpractice does *not* become a constitutional violation simply because the plaintiff is


an inmate. *Id. See also Daniels v. Williams*, 474 U.S. 327, 332 (1986)(negligence not actionable under section 1983). Thus, any claims of malpractice, or disagreement with treatment are not actionable under section 1983.

The court would point out that a ***delay*** in treatment, contrasted with a ***denial*** of treatment does not necessarily invoke the Eighth Amendment. *Magee v. Childs*, 9:04-CV-1089, 2006 U.S. Dist. LEXIS 14571, *12 (N.D.N.Y. Feb. 27, 2006)(Treece, M.J.).[2] The Second Circuit has specifically held that when the basis for an inmate's Eighth Amendment claim is a temporary delay or interruption in otherwise satisfactory medical care, "it is appropriate to focus on the underlying *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition alone*" in analyzing whether the alleged deprivation is "objectively, sufficiently serious." *Smith*, 316 F.3d at 186 (emphasis in original). The "serious medical need inquiry may take into account the severity of the temporary deprivation alleged. *Id.* at 186.

The severity of the alleged delay in medical care should be analyzed with regard to all the relevant facts and circumstances. *Id.* at 187. Thus, a major delay in treating a minor injury may in some cases violate the Eighth Amendment, while conversely, a minor delay in treating a major injury might not violate the Eighth Amendment if the delay itself did not cause plaintiff to suffer further harm. *Dawson v. Williams*, 04 Civ. 1843, 2005 U.S. Dist. LEXIS 3059, *14 (S.D.N.Y. Feb. 28, 2005). It has also been

---

[2] The court notes that in *Magee*, Magistrate Judge Treece issued a Report-Recommendation, recommending that plaintiff's complaint be dismissed on the merits. (Dkt. No. 28)(04-CV-1089). Although the case was ultimately dismissed due to plaintiff's failure to prosecute, including the failure to inform the court of his change of address, District Judge Gary L. Sharpe noted in his decision that he would have adopted Magistrate Judge Treece's recommendation. (Dkt. No. 32).

5

held that a *delay* in medical treatment may constitute deliberate indifference, but that "such a classification is reserved for 'cases in which, for example officials deliberately delayed care as a form of punishment; ignored a life-threatening and fast degenerating condition for three days; or delayed major surgery for over two years.'" *Magee v. Childs*, 2006 U.S. Dist. LEXIS14571 at *12 (quoting *Freeman v. Stack*, 2000 WL 1459782, at *6 (S.D.N.Y. Sept. 29, 2000)).

In this case, defendant argues that plaintiff's complaint must be dismissed because he neglects to allege that he had a "serious medical need" or that defendant Aaruchio acted with a "sufficiently culpable state of mind." (Dkt. No. 13)(Defendant's Memorandum of Law).  While it is true that plaintiff's complaint is not a model of clarity or specificity, plaintiff does allege that defendant Aaruchio denied plaintiff medication for his Post Traumatic Stress Syndrome that was prescribed by a doctor. Plaintiff claims that this improper denial of medication was without the doctor's consent and lasted for twenty one days.  Plaintiff claims that due to this defendant's actions, he became increasingly depressed, and suffered hallucinations and nightmares. Amended Complaint at p.5.

Assuming the truth of the facts stated in the complaint, and given the extreme liberality with which pro se complaints are to be treated, this court cannot say that plaintiff could prove no set of facts that would entitle him to relief.  If it is true that defendant Aaruchio knew of plaintiff's condition, and knew that he had been prescribed certain medication, the failure to provide plaintiff his medication without the doctor's approval could amount to deliberate indifference to plaintiff's serious

6

medical needs.

Having made the above statements, this court is ***not making any findings*** regarding plaintiff's medical care. The court is also ***not*** foreclosing defendant from making a properly supported motion for summary judgment. However, based on the facts stated in the complaint, this court cannot find that dismissal is appropriate ***at this time*** based solely upon a motion to dismiss.

## 4.     Service of Process

Defendant includes an argument in her motion to dismiss that the complaint may be dismissed for failure to serve in accordance with LOCAL RULE N.D.N.Y. 4.1(b), requiring complaints to be served within sixty (60) days of filing. The court would first point out that FED. R. CIV. P. 4(m) provides for service within one hundred twenty (120) days of filing, and thus the court would not ***dismiss*** an action for failure to serve after sixty days.

Additionally, plaintiff was granted *in forma pauperis* status, and process was served by the Marshal. (Dkt. No. 8). Plaintiff had to rely upon the Marshal to serve his complaint, and thus would ***not*** be responsible for any delay. Therefore, this court will not recommend dismissal of this action for failure to "timely" serve process.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 13) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections

shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 22, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge